## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DONALD S. ARCHULETA,**

       Plaintiff,

vs.                                      Civ. No. 03-1413 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed April 20, 2004.  Docket No. 10.  The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken in part.

### I.  PROCEDURAL RECORD

Plaintiff, Donald S. Archuleta, applied for Disability Insurance Benefits on May 15, 2001 alleging that he was disabled on December 21, 2000 due to injuries from the Vietnam War.  Tr. 64-67 and 88.  On October 21, 2002, the Administrative Law Judge ("ALJ") issued his decision that Plaintiff had the residual functional capacity ("RFC") to perform a significant range of light work. Tr. 20.  The ALJ found that Plaintiff was not disabled at step five of the sequential evaluation process. Id.  The Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ.  Tr. 5-7.  The Plaintiff subsequently filed his Complaint for court review of the ALJ's decision on December 11, 2003.

1

Plaintiff was fifty-four years old on the date of the ALJ's decision.  Tr. 51.  He has a high school education and past work experience as a motor pump operator and radiation control technician at Los Alamos labs.  Tr. 14.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.  See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1994).  To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance.  Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Sisco v. United States Dep't. of Health & Human Servs., 10 F.3d 739, 741 (1993).  A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not

engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

The  medical record shows that Plaintiff has lumbar spondyliosis and Post-Traumatic-Stress-Syndrome ("PTSD").  The medical records from the Veteran's Affairs Medical Center show that Plaintiff has shrapnel in his lower back.  X-rays showed mild degenerative changes at L3-4.  Tr. 134. X-rays of the hip revealed grenade fragments with mild degenerative hip disease and diffuse hip pain.


R. Kreuger, Ph.D. performed a consultative psychological evaluation at the request of the Administration on March 21, 2002.  He diagnosed Plaintiff with PTSD with a Global Assessment of Functioning  score  of  45-50.[1]   He  found  that  he  showed  "evidence  of  having  problems  with concentration and with immediate recall memory skills."  Tr. 178.  Specifically, Dr. Kreuger noted that Plaintiff "produced a low score on the Digit Span Test, and he does appear to have significant problems with concentration and immediate recall memory skills."  Id.

In preparing  the Mental Residual Functional Capacity Assessment, agency physicians found

---

[1]Serious symptoms or any serious impairment in social, occupational or school functioning. DMS-IV, 4th ed. (1994), p. 32.

that the Plaintiff had moderate limitations in "[t]he ability to understand and remember detailed instructions, [t]he ability to carry out detailed instructions," and "[t]he ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances and [t]he ability to respond appropriately to changes in the work setting."  Tr. 183-84. In completing the Psychiatric Review Form, agency physicians found that Plaintiff had significant signs and symptoms of depression.  Tr. 199.  Moreover, the physicians found that Plaintiff had moderate limitations in restrictions of activities of daily living, difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence, or pace.  Tr. 197.

## IV. DISCUSSION

Plaintiff asserts the ALJ erred: 1) in relying on the vocational expert testimony that Plaintiff could perform work as a flatwork tier (laundry folder) or vending-machine attendant; 2) in finding that Plaintiff had the RFC to work as a food assembler; 3) in not properly considering the finding of disability by the Department of Veterans' Affairs; and 4) in failing to consider that Plaintiff was at a borderline age.

Vocational expert testimony.

Defendant agrees that there is a conflict between the jobs cited by the vocational expert ("VE") and the description provided in the Dictionary of Occupational Titles ("DOT").  Defendant further agrees that the ALJ did not give an explanation for the conflict.  However, Defendant asserts that because there is no conflict in the food assembler position and the DOT, a remand is not required.  Defendant is correct in that this issue does not require a remand.  Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995); 20 C.F.R. §404.1566(b)(work exits in the national economy when there is a significant number of jobs in one or more occupations).  The VE identified at least 320,173 food

4

assembler jobs in the national economy with at least 1,905 available in New Mexico.  Tr. 19, 258.

VA disability finding.

The Department of Veterans' Affairs found Plaintiff entitled to 100% disability benefits for service-connected injuries, effective January 6, 2001.  In his decision, the ALJ's consideration of this evidence consisted of the following statement:

> ...While the evidence does show the claimant presently receives VA service connected disability benefits, a disability determination rendered by another agency or organization is not binding upon the Administration (20 CFR 404.1504).  Tr. 17.

The VA determination is not binding but is "entitled to weight and must be considered.'  Baca v. Department of Health and Human Services, 5 F.3d 476, 480 (10th Cir. 1993).  Defendant argues that the VA disability rating was based on Plaintiff's physical impairments and Plaintiff did not challenge the ALJ's RFC finding relating to his physical impairments.  Then Defendant discusses Plaintiff's VA treatment records.  Defendant is essentially trying to provide the analysis missing in the ALJ's decision.  This has been specifically rejected by the Tenth Circuit.  Allen v. Barnhart, 357 F.3d 1140 (10th Cir. 2004)("to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action recognized in SEC v. Chenery Corp., 318 U.S. 80...(1943) and its progeny").  The ALJ's decision must be evaluated solely on the reasons and analysis stated in the decision.  Robinson v. Barnhart, 366 F.3d 1078, 1084. (10th Cir. 2004).  The ALJ's failure to consider the VA finding of disability requires a remand.

Residual functional capacity and borderline age.

As noted above, in defending the ALJ's RFC assessment of the Plaintiff, the Defendant again

appears to attempt to supply the reasoning, post administrative process.  In the ALJ's decision, the ALJ notes that Dr. Kreuger found that Plaintiff had an impairment in concentration, immediate recall, and memory skills. Tr. 17.  The ALJ then states that this "does not suggest the claimant is precluded from all work activity."  Id.  The ALJ does not provide any further analysis of how this impairment affects Plaintiff's RFC.  This is error.

The remaining issue is whether this is a borderline age case.   The regulations require that if the Plaintiff is within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that the Plaintiff is disabled, the Defendant should consider whether to use the older age category after evaluating the overall impact of all the factors in Plaintiff's case.  20 C.F.R. §404.1563(b).  Plaintiff's calendar age at the time of the decision was 54, defined in the regulations as "closely approaching advanced age."  20 C.F.R. §404.1563(d).  At the time of the decision, Plaintiff was less than six months away from the age of fifty-five, defined in the regulations as "advanced age." 20 C.F.R. §404.1563(e).  The regulations apply special rules for persons of "advanced age."  Id. On remand, the ALJ should consider whether this is a borderline age case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is granted for proceedings consistent with this memorandum opinion and order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**